HANSON v. MAVERICK OIL COMPANY.

67   201
s67   203

It is not the duty of an inspector of kerosene oil to inspect oil when not requested to render that service, and he cannot recover for an inspection made without the defendant's request and against his objection.

ASSUMPSIT, for inspecting kerosene oil belonging to the defendants. Facts found by the court. The selectmen of Somersworth, acting under Gen. Laws, c. 122, s. 30, amended by Laws 1879, c. 57, s. 23, appointed the plaintiff inspector of petroleum, and fixed his compensation. The defendants stored oil in that town, and there sold it to retail dealers. The plaintiff inspected the oil without the defendants' request or consent, they denying his authority to do so. He seeks to recover the compensation fixed by the selectmen. The defendants had caused a portion of the oil to be inspected by an inspector appointed by the mayor and aldermen of Dover before it was inspected by the plaintiff.

*Russell & Boyer*, for the plaintiff.

*David R. Pierce* and *Frink & Batchelder*, for the defendants.

CHASE, J.  " The mayor and aldermen of every city, and the selectmen of every town of more than fifteen hundred inhabitants, and of every town of less than fifteen hundred inhabitants upon the written application of five or more citizens of such town therefor, shall appoint annually one or more suitable persons, not interested in the sale of crude petroleum, or in the sale and manufacture of petroleum, earth rock oil, or any of their products, or who is not the employé of any person so interested, to be inspector or inspectors thereof in said city or town, and fix their compensation, to be paid by persons requiring their services under the provisions of this statute." G. L., c. 122, s. 30; Laws 1879, c. 57, s. 23. " No person . . . shall sell or offer for sale, except for purposes of remanufacture, illuminating oils or compounds made from coal or petroleum which will evaporate a gas under one hundred degrees Fahrenheit, or ignite at a temperature of less than one hundred and twenty degrees . . . ; and any person so doing" may be fined or imprisoned, and is liable to the person suffering damage from an explosion or ignition of such oils, and the oils with the casks containing them are liable to forfeiture. G. L., c. 122, s. 31; Laws 1879, c. 57, s. 24. " No person shall sell, or keep for sale or in storage, any crude or refined petroleum, naphtha, kerosene, earth rock, machinery. or illuminating oil, in any city or town, without having the same inspected and approved by an authorized inspector. And any person violating the provisions of this section shall be fined and imprisoned in the manner provided in section thirty-one." G. L.,

*c.* 122, *s.* 38. The object of these provisions is to protect the public from the danger arising from the use of oil that will evaporate and ignite at a low temperature. Inspection by a public officer is an important agency for attaining this object. Such inspection is assured, not by making it the duty of the officer to inspect all oil brought into the state for sale or storage, whether requested to do so or not, but by making it the duty of the person who keeps it for sale, or stores it, to have it inspected and approved, and by subjecting him to liability to punishment for failure to perform the duty. The statute does not designate the inspector who shall be employed in each case. It is sufficient if the inspection is made by an " authorized inspector." In cities, and in towns having more than fifteen hundred inhabitants, there may be more than one inspector, in which case a selection from the number is necessary. A town having less than fifteen hundred inhabitants may not have an inspector, there having been no application in writing to the selectmen for the appointment of one, and the oil kept for sale or stored in such town must be inspected by the inspector of some other town. Whether it must be made in the town where the inspector resides, while the oil is in transit through the town or is otherwise temporarily within it, or whether an inspector of one town can perform the duties of the office in another, it is unnecessary to consider. It is sufficient for the present purpose that in some cases, at least, the person desiring an inspection is at liberty to choose the inspector whom he will employ. Presumably, the employment of any one inspector will promote the objects of the law as much as the employment of any other. All are required to be sworn before entering upon the duties of the office, and are liable to punishment if they act fraudulently or negligently. G. L., *c.* 122, *s.* 30. Inspectors are to be paid by the " persons requiring their services under the provisions of the statute." " Requiring " is here used in the sense of requesting, demanding. As the statute does not make it the duty of an inspector to make an inspection without a request, it does not impose upon the person having oil for sale or in storage an obligation to pay for an inspection that is made without request.

The plaintiff inspected the defendants' oil under the mistaken idea that it was his duty to do so, notwithstanding they did not request it nor consent to it, but denied his authority. The defendants have not availed themselves of the plaintiff's services, but disavow them. The law does not raise an implied promise to pay for services rendered under such circumstances. 2 Gr. Ev., *s.* 107; *Webb* v. *Cole*, 20 N. H. 490; *Chadwick* v. *Knox*, 31 N. H. 226, 235.

*Judgment for the defendants.*

CARPENTER, J., did not sit: the others concurred.